ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAY -9 AM 9:42

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CURTIS L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-161 |
| | ) | |
| CHAMPION WINDOWS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Upon noting that the time to effect service upon Defendant had expired, on March 27, 2006, the Court ordered Plaintiff to show cause why this case should not be dismissed. (Doc. no. 4). Plaintiff did not respond to the Court's March 27th Order. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the captioned case be **DISMISSED** without prejudice for failure to effect service of process upon Defendant.

Under Fed. R. Civ. P. 4(m), Plaintiff had until January 17, 2006 to effect service. That period has long since expired, and Plaintiff has neither effected service upon Defendant nor explained his failure to do so, despite this Court's March 27th Show Cause Order. As the Court explained in its March 27th Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 4, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). Nevertheless, the decision to extend the time for service is within the Court's sound

discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's utter failure to communicate with the Court regarding his inability to effect service of process upon Defendant is indicative of an abandonment of his case, rather than excusable neglect or any other reason to further extend the time for service. Indeed, since filing the above complaint, Plaintiff has taken no action in this case.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon Defendant or to otherwise prosecute this action would lead to dismissal. (See doc. nos. 3, 4). Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of the instant case.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2